UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE LEE OWENS, | No. 2:20-cv-1394 KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CRAIG KOENIG, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

Here, petitioner challenges his 2005 conviction raising the following three claims: (1) ineffective assistance of appellate counsel based on failure to argue trial counsel provided ineffective assistance by failing to move for a fitness hearing; (2) ineffective assistance of appellate counsel based on failure to argue trial counsel provided ineffective assistance by failing to challenge whether petitioner's statement to the detective was involuntary and coerced; and (3) petitioner's Eighth and Fourteenth Amendment rights were violated by the excessive

1

punishment imposed by the 25 year to life sentence for the vicarious gun discharge enhancement. (ECF No. 1 at 8.)  The California Supreme Court denied petitioner's claims without comment.[1] (ECF No. 1 at 70.)

As discussed below, the petition should be dismissed without prejudice.

Governing Standards

A second or successive petition that raises the same grounds as a prior petition must be dismissed.  28 U.S.C. § 2244(b)(1).  Dismissal is also required for a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new constitutional right, made retroactive by the United States Supreme Court or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).  However, it is not the district court that decides whether a second or successive petition meets these requirements; the petitioner must obtain leave from the Ninth Circuit Court of Appeals to proceed.  See § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Burton v. Stewart, 549 U.S. 147, 152-53 (2007).

Petitioner's Prior Habeas Cases

The court's records reveal that petitioner previously filed applications for a writ of habeas corpus attacking the 2005 conviction and sentence challenged in this case.[2]  The first application was filed on June 9, 2008.  Owens v. Kramer, No. 2:08-cv-1290 FCD EFB P (E.D. Cal.).

---

[1] The last reasoned state court opinion was issued on April 2, 2019, by the Sacramento County Superior Court, which found petitioner's latest habeas petition was successive and untimely and barred by In re Robbins, 18 Cal.4th 770, 811-12, 812 n.32 (1998), and In re Clark, 5 Cal.4th 750, 774-74 (1993).  (ECF No. 1 at 59-65.)

[2] A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

1    Petitioner raised three claims:  ineffective assistance of trial counsel based on counsel's alleged
2    failure to advise petitioner of the 25 year to life enhancement; trial court violated petitioner's
3    rights under Boykin v. Alabama, 395 U.S. 23 (1969), by failing to read all of the constitutional
4    waivers during the plea colloquy, including a failure to confirm petitioner knew he would be
5    sentenced to a 28 year to life sentence; and ineffective assistance of appellate counsel based on
6    failure to argue ineffective assistance of trial counsel.  Id. (ECF No. 1 at 6-8, 18-19, 32.)  The
7    state filed a motion to dismiss on the grounds that the petition was filed beyond the one-year
8    statute of limitations contained in 28 U.S.C. § 2244(d), and that petitioner failed to exhaust his
9    state court remedies as to his third claim.  No. 2:08-cv-1290 FCD EFB (ECF No. 13).  Petitioner
10   did not oppose the motion, and on October 8, 2010, the district court dismissed the action without
11   prejudice, citing Federal Rule of Civil Procedure 41(b); Rule 12, Rules Governing § 2254 Cases.
12   No. 2:08-cv-1290 FCD EFB (ECF No. 17).

13         On July 29, 2011, petitioner filed a second application again challenging his 2005
14   conviction.  Owens v. Hill, No. 2:11-cv-2004 KJM EFB P (E.D. Cal.).  In this application,
15   petitioner claimed that the trial court unlawfully imposed a 25 years to life sentence enhancement.
16   On June 26, 2012, the magistrate judge recommended that the respondent's motion to dismiss the
17   action as barred by the statute of limitations should be granted.  Id. (ECF No. 17.)  On September
18   25, 2012, the district court adopted the findings and recommendations, granted the motion to
19   dismiss, and declined to grant a certificate of appealability.  Id. (ECF No. 19.)  Petitioner filed an
20   appeal, but the appellate court denied petitioner's request for a certificate of appealability.  Owens
21   v. Hill, No. 12-17416 (9th Cir. Sept. 4, 2013).

22   Discussion

23         The dismissal of a habeas petition for failure to comply with the statute of limitations
24   renders subsequent petitions challenging the same petition successive.  McNabb v Yates, 576
25   F.3d 1028, 1030 (2009) ("dismissal of a first habeas petition for untimeliness presents a
26   "permanent and incurable" bar to federal review of the underlying claims.")  Petitioner did not
27   obtain leave from the Ninth Circuit to file the instant petition.  Petitioner is again challenging his
28   2005 conviction, and makes no showing that he obtained prior leave from the Ninth Circuit to file

1 the instant petition.  Without leave from the Ninth Circuit, this court is without jurisdiction to
2 consider the petition.  Therefore, the petition should be dismissed without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 2) is granted; and

2. The Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 17, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/owen1394.156